**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CORETTA V. STEVENS,**

      **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:11-cv-1674-Orl-22KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEY'S FEES (Doc. No. 24)**
>
> **FILED:** February 1, 2013

Plaintiff Coretta V. Stevens seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on January 30, 2013. Doc. No. 23. Counsel for Plaintiff represents that the relief requested is not opposed. Doc. No. 24. An award of fees is, therefore, ripe for consideration.

Richard A. Culbertson, Esq., Stevens's attorney of record, seeks an award of $3,987.31 in fees for 1.6 hours of work in 2011 and 20.1 hours of work in 2012 and 2013 for a total of 21.7 hours. Doc. No. 24 at 2, 12.

The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index (CPI). 28 U.S.C. § 2412(d)(2)(A). Attorney Culbertson requests $180.57 per hour for the work performed in 2011 and $184.00 per hour for the work performed in 2012 and 2013. Doc. No. 24 at 2. Attorney Culbertson provided an analysis of the cost-of-living increase which shows that, based on the cost of living adjustment, the requested rates do not exceed the EAJA cap of $125.00 per hour adjusted for inflation. *Id.* at 9-10.

The EAJA states that the amount of attorney's fees and costs shall be based on prevailing market rates, "except that attorney's fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 27 U.S.C. § 2412(d)(2)(A). At least one Judge of this Court has expressed concern that the maximum rates authorized by applying a cost-of-living adjustment exceed the reasonable hourly rates for work of this type. *See Coffman v. Astrue*, No. 8:07-cv-1416-T-TGW, 2008 WL 5137956 (M.D. Fla. Dec. 5, 2008). Nevertheless, because the Commissioner does not object to the hourly rates sought and they are within the rates permitted by the EAJA, I recommend that the Court find that the rates are reasonable without objection.

I also recommend that the Court find that the total hours worked are reasonable in the absence of objection.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **GRANT in part** Plaintiff's Uncontested Petition for Attorney's Fees and **ORDER** the Commissioner to pay to

Stevens $3,987.31 in attorneys' fees.[1]  Stevens filed a retainer agreement that includes an assignment of any fees awarded under the EAJA to Attorney Culbertson.  Doc. No. 24-1.  Because the United States has taken inconsistent positions in cases before this Court regarding whether it will accept such an assignment, I **RESPECTFULLY RECOMMEND** that the Court not require that the fees be paid to counsel for Stevens.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 4, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] Calculated as follows: (1.6 hours worked in 2011 * $180.57=$288.91) + (20.1 hours worked in 2012 and 2013 * $184.00=$3,698.40) = $3,987.31.